## Weyen *et al. v.* Weyen.

(Division B. Feb. 15, 1932. Suggestion of Error Overruled April 14, 1932.)

[139 So. 608. No. 29811.]

(Division B.   Feb. 29, 1932.)

[139 So. 856.   No. 29811.]

For original opinion, see 139 So. 608.

Watkins, Watkins & Eager, of Jackson, for appellants.

Chalmers Potter and G. Q. Whitfield, both of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Appellee, Mrs. Kate Weyen, sued the appellants Charles Weyen, her son, and his wife, in damages for personal injuries inflicted upon the plaintiff in a collision of a

motor car driven by Mrs. Charles Weyen in which Charles Weyen was also an occupant, and in which appellee, Mrs. Kate Weyen, was riding as the guest of her son, on the way from her home in the state of Illinois to the home of her son in Terry, Miss., where she intended to make her son a visit. The son had driven from Golden, Ill., to a point between Memphis, Tenn., and Grenada, Miss., when he suggested that Mrs. Charles Weyen, his wife, take the wheel, which she did, and was driving the car, when Charles Weyen suggested that she had better step on the gas or they would not reach Grenada in time for lunch. Mrs. Charles Weyen then speeded up the car, and while it was being so driven a collision occurred in which the plaintiff (the appellee here) was badly injured.

The testimony of the plaintiff on the trial was to the effect that she was riding as the guest of her son, and that her son told his wife to step on the gas and speed up the car so that they might reach Grenada in time for lunch, and that Mrs. Charles Weyen did speed up the car, and that they were running above forty miles an hour at the time of the collision; that just prior to the collision the car swerved, and in the collision the plaintiff was knocked unconscious, and the next she knew she was on the train on the way to Memphis, Tenn.

The next witness, a Mr. Nordin, testified that the car in which the plaintiff was riding passed his car (they were both traveling in the same direction), at the rate of thirty-five miles per hour, and that, in his opinion, the Weyen car was traveling at the rate of from forty-five to fifty miles per hour; that they passed him, and then went on at that rate and passed beyond a curve which obstructed his view and prevented his seeing the collision. That he was among the first to come to the scene of the accident, and that it appeared that the other car in the collision was knocked out of the road, and that the Weyen car was approximately in the center of the

road with the engine pointing toward the left side of the road.

The plaintiff was carried to the hospital in Memphis, and the son, who accompanied her, provided for medical and hospital treatment at a cost of about two thousand, five hundred dollars, which he charged to himself, and which, at the time of the trial, the plaintiff had not paid.

On cross-examination of the plaintiff she admitted signing an instrument in writing in the following words and figures: ''On the 29th day of December, 1930, I was riding on the front seat of Chrysler sedan belonging to my son, Charles Weyen, and which was being driven at the time by his wife, Mrs. Charles Weyen. We were on our way from Memphis, Tennessee, to my son's home at Terry, Mississippi, where I was going to make him a visit. We originally started from my home at Golden, Illinois. As to the accident with the Lewis car, I cannot relate what happened or any of the facts about it, as I don't know, having been rendered unconscious as a result of the collision. The first thing that I recall was asking my son what happened, after being taken from the car. Prior to the accident we were riding along about as usual, and about the usual gait, I didn't notice anything about my daughter-in-law's driving that was wrong or negligent, and she was driving about the same as my son. My injuries consisted of a fractured right hip, fractured right wrist, my finger torn loose, fractured ribs on the left side and tongue split and mangled, loss of three teeth and a number of teeth damaged, fractured right jaw bone, bruised over body, torn and injured right hand. I have been in St. Joseph's hospital and was in a plaster cast up until Feb. 27, 1931, and now have a steel brace or frame from both legs up over my body to my arms. Dr. Joseph I. Mitchell of Dr. Campbell's Clinic, has attended me. I am instructed by my doctor to stay in bed for four weeks and longer and then I may sit up some. My expenses up to the present

time for medical and hospital treatment amounts to approximately one thousand, five hundred dollars. I have read the above and it is true and correct.''

The defendants sought to introduce this statement in writing in evidence and the court excluded it, but permitted the plaintiff to be cross-examined in reference to certain parts of this statement, holding that it was only admissible for the purpose of impeaching statements testified to by the witnesses in chief.

We think the statement was admissible as original evidence, being against the plaintiff's interest, and was not to be limited to merely impeaching the testimony of the plaintiff on the trial. It was therefore error for the court to exclude the writing when it was offered in evidence. The defendant had a right to have the writing in evidence and considered by the jury, since it contained such statements as that the plaintiff did not notice anything wrong or negligent about Mrs. Charles Weyen's driving at the time.

The jury had the right to find, if they believed, that the statement in the writing was the truth of the matter, rather than the testimony of the plaintiff at the trial, or they may have found that the testimony at the trial was the truth, and that the statement in writing was not the truth. Therefore it was a question for the jury on the question of liability.

The court granted the plaintiff a peremptory instruction on liability, and it was error so to do on the record.

Conceding that the writing was in the record only to impeach or contradict the evidence, it was for the jury to say whether the plaintiff's evidence was true in the light of this contradiction or impeachment. The question of liability should, therefore, have been submitted to the jury.

The appellants contend there was no liability against them because of the relationship of mother and son, a family relationship, and being contrary to public policy

for a mother to sue her son for personal injuries the result of negligence. We do not think there is any merit in this contention. The case of Hewlett v. George, 68 Miss. 703, 9 So. 885, 13 L. R. A. 682, is not in point. In that case a minor was suing a parent for a tort. In this case both parties are adults and each may be sued by the other, there being no question of control or services between them, and each being a free and separate person having the right to sue and be sued.

The plaintiff's testimony shows that she did not remonstrate with her son and daughter-in-law about speeding up the car, although she knew it was being driven in excess of the speed permitted by law. She admitted that she was in the habit of noticing, and, on this occasion, noticed the speedometer, and knew that the speed was in excess of forty miles per hour.

Under the circumstances, we think that the question of contributory negligence should have been submitted to the jury, and that the court erred in refusing to so submit it. It was for the jury, under the facts in evidence, to say whether or not reasonable precaution for her own safety would have called upon the appellee to protest against the excessive speed, and whether or not she consented to and acquiesced in such speed.

The suit being against the son for negligence, and the son having provided hospital and medical treatment for the appellee at his own expense, and the appellee not having repaid such items, she was not, in this case, entitled to recover same. The suit could only be maintained on the theory of the son's negligence, and if that caused the injury, the son was liable for hospital and medical treatment.

For the errors indicated, the judgment will be reversed, and the cause remanded for a new trial.

Reversed and remanded.

On Suggestion of Error.

**Ethridge, P. J.**, delivered the opinion of the court on Suggestion of Error.

We were in error in the statement that the circuit judge erred in refusing to submit the question of contributory negligence. It was submitted to the jury in a proper instruction, and the error was probably caused by turning two pages instead of one at the time of writing the opinion.

However, this does not change the result of the decision. The case must be reversed for other grounds stated in the opinion.

As to the contention in the suggestion of error that this court is without authority to put the lower court in error because of the exclusion by it of the statement signed by the plaintiff, for the reason that the action of the lower court was not made a specific ground of objection in the motion for a new trial, we desire to say that it was not necessary to make a motion for a new trial, nor was the movant confined to the grounds specified. In paragraph 3, rule 6, of this court, it is provided that: "The right of an appellant to obtain a review in this court of any ruling made in the trial court shall not depend, in any wise, upon his having filed in such court a motion for a new trial, or if such motion has been filed, upon the grounds thereof being distinctly specified."

A motion for a new trial is only necessary to bring to the attention of the trial court matters not embraced in the rulings during the trial, as taken down by the stenographer; it being provided, among other things, in section 724, Code of 1930, as follows: "And in and by means of the court reporter's shorthand notes it shall be competent and effectual for the purposes of appeal and all otherwise, to make of the record every part of the proceedings arising and done during the trial, from the opening until the conclusion thereof, including mo-

tions so arising to amend the pleadings, except amendments to indictments, and the ruling of the court thereon and all other motions and steps that may occur in the trial, in addition to the oral testimony. And in such a trial, provided objections are duly made and noted, no exceptions need be taken either for the purposes of appeal or otherwise, or if taken shall not be noted, to any ruling or decision of the court, and this provision shall include the rulings of a court on objections to testimony. If any ruling or decision of the court as to any matter arising during the trial appear in the copy of the court reporter's notes, it shall not be necessary to take any exceptions or bill of exceptions."

We are of opinion that the suggestion of error, except as stated, is without merit, and same is overruled.

Suggestion of error overruled.