317 So.2d 389 (1975)
Lindbergh McLEOD, Jr.
v.
STATE of Mississippi.
No. 48506.
Supreme Court of Mississippi.
July 14, 1975.
*390 Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SMITH and BROOM, JJ.
BROOM, Justice.
Forcible rape was the charge for which appellant was indicted and convicted in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Aggrieved at his conviction and sentence of life imprisonment without parole, he appeals. We reverse.
The chief issues before us relate to the questions of admissibility of a confession into evidence, and the refusal of the trial court to permit the appellant during the trial to rely upon the defense of insanity.
Only a few of the salient facts need be related and they are as follows. On July 23, 1973, a female person above the age of twelve years was violently raped by a tall, black, fluffy-haired male person. The assailant gained admittance into her house on the pretense that he desired to use the telephone. While inside the house he forced the victim at knifepoint into her bedroom where he raped her after blindfolding her and securing her arms with a cord.

I.
It is argued that the case must be reversed because the state failed to satisfactorily establish that appellant's confession (admitted into evidence) was voluntarily made and signed. Upon the record we cannot hold that the trial judge erred in finding that the confession was voluntarily executed.
However, the case must be reversed on another ground. We therefore point out that on retrial, in developing voluntariness of the confession, the state should use care to establish that all witnesses who were present during the events leading up to the confession and at the time the confession was signed testified on this issue. Also, we point out that in trying this issue, after the state presents its *391 proof and then the accused presents his version that he was forced, coerced, induced, or intimidated to confess  it would not be inappropriate for the state to reintroduce witnesses to thereby with desirable clarity deny any charge of mistreatment. This is particularly true where in the first instance the state's witness in general terms negated any violence, force, et cetera, and then the accused in different language gave specific details that he was offered inducements, "slapped," and "hit in the eye," in the presence of named officers and "these other deputies" as occurred in the instant case.

II.
During the trial of this cause and after the state rested, the appellant sought to change his plea of not guilty to a plea of "not guilty by reason of insanity." The trial judge would not permit changing of the plea and stated that the court "has observed his demeanor and conduct, and this being over a period of eight to nine hours, and further, the report of the psychiatrist, Dr. Gene G. Abel of the University Hospital, was presented to this Court yesterday, and considered by the Court on the motion for continuance, which reflected that the defendant knows the difference between right and wrong, and was without psychosis."
When the court rejected the change in plea, counsel for the appellant dictated into the record testimony which he desired to show to the court and jury on the question of insanity. He stated that he would offer testimony of appellant's mother and others that the appellant was unable to distinguish between right and wrong. Counsel also stated that he would offer several witnesses who would testify that the appellant had a history of abnormal sexual activities since he was five years of age.
It is the general rule in this state that (with certain exceptions) a defendant under a plea of not guilty may make any defense that he has. Tanner v. State, 196 Miss. 822, 18 So.2d 300 (1944). When the defense is insanity, either general or partial, the door is thrown wide open for the admission of evidence of every act in the accused's life relevant to the issue of insanity and is admissible in evidence. The trial court is to be liberal in allowing the introduction of evidence or examination of witnesses which tends to show the insanity or sanity of the accused. Warren v. State, 285 So.2d 756 (Miss. 1973); Tarrants v. State, 236 So.2d 360 (Miss. 1970), cert. denied 401 U.S. 920, 91 S.Ct. 907, 27 L.Ed.2d 823 (1971); McGarrh v. State, 249 Miss. 247, 148 So.2d 494 (Miss. 1963), cert. denied 375 U.S. 816, 84 S.Ct. 50, 11 L.Ed.2d 51 (1963); Waycaster v. State, 185 Miss. 25, 187 So. 205 (1939).
The court in this case should have permitted the appellant to present evidence of his insanity and to question his witnesses as to past acts (relevant to insanity) of the appellant. Then the state would have been permitted to rebut such testimony and the question of insanity would have been for the jury to determine. For an excellent treatise and collation of authorities on trial court procedure when confronted with the question of insanity, see the dissenting opinion of Justice Rodgers in Jaquith v. Beckwith, 248 Miss. 491, 157 So.2d 403 (1963).
Therefore, the conviction cannot be allowed to stand.
Reversed and remanded.
GILLESPIE, C.J., RODGERS, P.J., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.