BROOM, Justice,
for the Court:
Credit against plaintiff’s (Betty Brown Matthews’) judgment in a tort action was ordered upon the post-trial motion of the *1322 defendants (appellees), Watkins Motor Lines, Inc., James Winfred Smith and Willie Hyde, d/b/a Hyde Truck Service, so as to reduce the judgment to the extent of payments for medical expenses previously advanced by appellees’ insurance carrier (Waco Fire and Casualty). Trial was in the Circuit Court of Jackson County, the Honorable Clinton E. Lockard, Circuit Judge, presiding. The jury verdict and judgment in favor of plaintiff (appellant), was for $43,000, which, upon appellees’ motion, was reduced by $9,206.96, to the lesser sum of $33,793.04. Aggrieved because her judgment was reduced, plaintiff Betty Brown Matthews appeals, contending that (1) the trial court erred “in hearing and determining appellees’ motion for credit”, and (2) the trial court “lacked jurisdiction to entertain appellees’ motion for credit.” We reverse.
Liability is not an issue in this suit which arose out of a traffic accident on July 7, 1974. The only issue is the amount of the judgment. In the accident on U. S. Highway 90 near Pascagoula, Mississippi, the appellees’ truck rear-ended the vehicle in which the plaintiff (appellant) and her minor son, William Gary Brown, Jr., were riding.[1] Her suit was for bodily injuries and physical pain which she suffered plus “psychological and emotional pain for her being deprived of her son’s comfort, happiness, society and companionship”. She sought $500,000 actual and $500,000 punitive damages. The jury awarded her $43,-000, which was reduced by the trial court to the lesser sum of $33,793.04 at the post-trial hearing of appellees’ motion:
MOTION FOR CREDIT AGAINST JUDGMENT
Come now Watkins Motor Lines, Inc., James Winfred Smith and Willie Hyde, d/b/a Hyde Truck Service, Defendants in the above styled and numbered cause, and moves the Court for an order allowing an offset or credit against the Judgment of $43,000.00 previously entered in said cause, said offset or credit to be in the full sum and amount of any and all money previously paid by Defendants and their insurance carriers for medical treatment and miscellaneous expenses related to the injuries of William Gary Brown, Jr., suffered in the same accident which is the subject of this law suit. :
DID THE TRIAL COURT ERR IN HEARING AND DETERMINING APPEL-LEES’ MOTION FOR CREDIT? By its order, the trial court, before expiration of the term of court during which the jury trial took place, set the “Motion for Credit” for vacation hearing at a later time. The transcript and abstract before us omits any record of the actual testimony of the trial in chief, and consists in the main of proceedings including argument and testimony related to the “Motion for Credit”. Actually, the record of the introduction into evidence (at the trial in chief) of the bills or invoices (or the objections thereto) pertaining to the plaintiff’s son are not before us.
Appellees rest their case in part upon the thesis that the controversial “credits” were properly allowed because
Nowhere does Appellant contend in the subject lawsuit that she was entitled to recover for medical bills incurred by her son, William Gary Brown, Jr., the plaintiff in another lawsuit. Appellant by her pleadings admits that the medical bills incurred by her son were not a proper part of her lawsuit as no demand was made for them in the suit.
. .. The medical bills introduced into the record of this cause were addressed not to the Appellant but to Appellant’s then husband, the father of William Gary Brown, Jr.
Significant, however, is the fact that the issue of the admissibility of the bills incurred for the plaintiff’s son and former husband is not viable on the record before us. This is true because appellees (defendants below) made no appeal or cross-appeal *1323 from the lower court’s allowing into evidence, over appellees’ objection, testimony (documentary or otherwise) pertaining to either the son’s or former husband’s expenses. Weyen v. Weyen, 165 Miss. 257, 139 So. 608 (1932), is relied upon by appel-lees in support of their argument that “plaintiff should not be permitted to recover for these bills ... unless the plaintiff had reimbursed the defendant.” Failure of appellees to make any appeal from the trial court’s rulings simply precludes application of their argument under Weyen.
Appellees take the position that inasmuch as the plaintiff “did not plead as part of her damages the subject bills” she could not show “proof as to the medical expenses incurred by William Gary Brown, Jr. ... ” Further, appellees state
[Bjecause of the lack of notice Appellees had that Appellant was claiming these medical bills and miscellaneous expenses, the post judgment motion was the only way Appellees had to bring this properly before the court.
This argument lacks persuasion because when the subject “bills” were introduced by the plaintiff, appellees could have sought leave to conform their answer or pleadings to the proof. By doing so, appellees could have been in position to offer evidence of affirmative matter in avoidance of the controversial “bills” which went into evidence at plaintiff’s instance. In this situation, appellees never sought to amend their answer or cause their pleadings to conform to the proof, or aver affirmative evidence in that regard. They simply let the cause go to the jury. So far as the record shows, no instruction was requested by the appellees directing the jury to diminish any award made to the plaintiff by “bills” incurred by her son or former husband. To uphold the credits allowed below on appellees’ post-trial “motion” is to allow the appellees to deny all liability (as was done here by their mere general answer) without pleading any set-off or affirmative matter (except alleging that plaintiff’s driver was guilty of negligence) and then seeking reduction of the jury award by action of the judge alone. Such procedure has the effect of defeating the plaintiff’s right to a jury trial on the fact issue of how much, if any, should be subtracted from the plaintiff’s award as “bills” relating to her son or former husband. No case from this jurisdiction is cited which would be authority for us to hold, upon the skimpy record before us, that a plaintiff can be deprived even in part of the right of jury trial on an issue of fact.
Conceding here that the plaintiff should not recover for “bills” not related to her, the amount thereof would be a jury issue. In that connection, for the record does not contain the jury instructions, it could be that the jury did not include in its verdict amounts of “bills” unrelated to the plaintiff.
In the context presented, we will not second guess jurors as to how they arrived at their $43,000 verdict.
Although it will not affect our ruling in this case, we would point out that advance payments made to injured persons serve a very desirable humanitarian purpose and should be encouraged in instances where appropriate. In such cases, if the defendant or insuror seeks credit for such advance payments against a possible verdict in a lawsuit, the amount of advance payments made should be affirmatively pled so that the defendant will be placed on notice of the claim. After making such affirmative plea, it would then be proper for the defendant or insurer to make a motion in limine to exclude any evidence of the advance payments during the trial of the case before the jury. If a judgment is thereafter rendered against the defendant in favor of the plaintiff, it would be proper for the court to conduct a hearing without a jury to determine the amount of credit to be allowed against the judgment because of the advance payments. See Ferris v. Anderson, 255 N.W.2d 135 (Iowa 1977) and Byrd v. Stuart, 224 Tenn. 46, 450 S.W.2d 11 (1969).
Having decided that the “Motion for Credit” should not have been sustained in the case sub judice, we do not reach the issue of whether the lower court should have acted in vacation. Accordingly, we *1324 must reverse the lower court’s reduction of the jury verdict, and reinstate the jury verdict and judgment for that amount.
REVERSED; JURY VERDICT AND JUDGMENT REINSTATED.
PATTERSON, C. J., SUGG and WALKER, P. JJ., and ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PRATHER, J., takes no part.

. Since the time of the accident, the plaintiff and her former husband, William Gary Brown, Sr., became divorced and she subsequently remarried. The son, William Gary Brown, Jr., was injured (not killed) in the same accident.