790 So.2d 838 (2000)
George L. STEWART, Jr. a/k/a George Lee Stewart, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01082-COA.
Court of Appeals of Mississippi.
November 21, 2000.
Rehearing Denied February 27, 2001.
Certiorari Denied July 19, 2001.
*839 Martin M. Oden, De Kalb, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Jackson, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., IRVING, AND PAYNE, JJ.
IRVING, J., for the Court:
¶ 1. George L. Stewart was convicted in the Lauderdale County Circuit Court of aggravated assault. Aggrieved, Stewart has filed this appeal in which he contends that the trial court erred (1) in instructing the jury on the essential elements of the crime of aggravated assault, and (2) in denying him the right to elicit and introduce relevant testimony and evidence pertaining to his insanity defense. Finding no reversible error, we affirm.

FACTS
¶ 2. On June 3, 1997, Gwyn Marshall was asleep in her home when she was awakened by the sound of her bedroom door shutting. Marshall looked up to see Stewart, her ex-husband, in her room. Before Marshall was able to sit up, Stewart was on top of her, stabbing her with a knife. Marshall's grandson alerted her daughter and her daughter stopped Stewart's attack by displaying a gun. Consequently, Marshall and her daughter were able to force Stewart out of their home. Once outside, a law enforcement officer met Stewart. Stewart acknowledged that he had been involved in the altercation. The officer searched Stewart and recovered a folding lock-blade pocketknife from Stewart's pocket.

Analysis of the Issues Presented

I. Jury instruction
*840 ¶ 3. Stewart argues that instruction C-7 should not have been granted because it failed to instruct the jury on the essential elements to the charge of aggravated assault, which requires the crime to be committed "with a deadly weapon." The instruction reads:
The Court instructs the jury that, should you find from the evidence in this case, beyond a reasonable doubt that:
1. On or about the 3rd day of June, 1997, in Lauderdale County, Mississippi;
2. The Defendant, George Stewart, did wilfully, unlawfully and purposely cause or attempt to cause bodily injury to Gwen Marshall, by stabbing her with a knife;
3. And the Defendant, George Stewart, knew the difference between right from wrong at the time of committing the aggravated assault;
then it is your sworn duty to find the Defendant, George Stewart, guilty of aggravated assault.
Should the State fail to prove any one or more of these essential elements beyond a reasonable doubt, then you shall find the Defendant, George Stewart, not guilt of aggravated assault.
¶ 4. Stewart failed to object to the instruction. In fact, Stewart stated that he had no objection to the use of the instruction. The failure to make a contemporaneous objection bars Stewart from raising the issue for the first time on appeal. See Smith v. State, 724 So.2d 280, 316 (Miss.1998). We will not put a trial judge in error on a matter when the issue was not presented to the court for decision. Id. Any claim of error is now waived and we are precluded from considering this issue on appeal. Davis v. State, 660 So.2d 1228, 1251 (Miss.1995).

II. The evidence relating to Stewart's insanity defense
¶ 5. Based on an order for mental evaluation entered by the trial court, experts prepared a summary report on Stewart's mental condition. At trial, the experts testified that Stewart did not meet the M'Naughten standard for insanity. Stewart argues that the trial judge erred by not allowing into evidence information pertaining to Stewart's mental state. He wanted the jury to hear information from his two experts that, although he was legally sane, he "may have been under the influence of extreme mental or emotional disturbance at the time of the alleged offenses, and that his capacity to appreciate the criminality of his conduct may have been substantially impaired." Stewart argues that the information was relevant and should have been allowed to go to the jury.
¶ 6. In Mississippi, the general rule is, with certain exceptions, "that a defendant under a not guilty plea may make any defense that he has." McLeod v. State, 317 So.2d 389, 391 (Miss.1975) (quoting Tanner v. State, 196 Miss. 822, 18 So.2d 300 (1944)). "When the defense is insanity, either general or partial, the door is thrown wide open for the admission of evidence of every act in the accused's life relevant to the issue of insanity and is admissible in evidence. The trial court is to be liberal in allowing the introduction of evidence or examination of witnesses which tends to show the insanity or sanity of the accused." Id.
¶ 7. To establish a defense under M'Naughten, "it must be clearly proved that at the time of committing of the act the accused was laboring under such a defect of reason from disease of the mind as (1) not to know the nature and quality of the act he was doing, or (2) if he did know it that he did not know that he was doing what was wrong." Harvey v. State, 207 So.2d 108, 111 (Miss.1968). The trial *841 court allowed the experts to testify and give an opinion that Stewart did not meet the M'Naughten standard for insanity. All of the testimony, including that of Stewart's own experts, showed that Stewart knew right from wrong.
¶ 8. In the case sub judice, Stewart is attempting to make what appears to be a diminished capacity defense by asking this Court to allow testimony that he may have been under the influence of extreme mental or emotional disturbance at the time of the alleged offenses, and that his capacity to appreciate the criminality of his conduct may have been substantially impaired. In Mississippi, diminished capacity is not a defense to a criminal charge. Cannaday v. State, 455 So.2d 713, 720 (Miss.1984). Therefore, the trial judge did not err by excluding the additional testimony as to Stewart's mental state. Stewart's argument lacks merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND RESTITUTION OF $507 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.