THOMAS, J.,
for the Court.
¶ 1. Donald Reeves was convicted in the Circuit Court of Pike County of two counts of arson and sentenced to serve fifteen years on each count to run consecutively with the last ten years to be served on post release supervision. He was also ordered to pay restitution, court appointed attorney fees, and court costs. Aggrieved he asserts the following on appeal:
*79 I. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. THE TRIAL COURT ERRED IN REFUSING TO HOLD A HEARING TO DETERMINE WHETHER THE APPELLANT WAS COMPETENT TO STAND TRIAL.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Donald Reeves and Glenda Graham were live-in lovers. On July 10, 2000, Graham and Reeves decided that the living situation had become inharmonious, and Donald Reeves moved out of the trailer home the two were renting and occupying together. After arguing, the two parted ways and Graham went to see Marty Travis, as she was scared after the quarrel with Donald Reeves. Later that evening Glenda Graham was attempting to fall asleep on the couch at the trailer when, awakened by the smell of smoke, she found a fog of smoke filling the hall of the trailer. She left the trailer and called the fire department as well as Marty Travis. Travis arrived first and kicked a large can with a rag in it out from under the trailer. Minimal damage was suffered.
¶ 4. On July 17, 2001, Graham and Travis went to a drugstore to have a prescription filled and in the same drugstore was Reeves. As Graham and Travis were leaving, Reeves followed them out and made an indecorous gesture toward them. On July 18, 2001, at about 2:30 A.M., Graham and Travis, both sleeping in the trailer once occupied by Graham and Reeves, were awakened by a loud explosion. Upon hearing the explosion, Travis ran into the living room and then back to the bedroom screaming at Glenda Graham to leave. She went to a neighbor’s and rang the fire department. About a week after the second fire Graham visited Reeves at a hospital in Metairie, Louisiana. During this visit Reeves explained that he was injured while setting fire to Graham’s trailer and offered to buy her a new car. Accompanying Reeves on the evening he set fire to the trailer was Jennifer Graham, Glenda Graham’s daughter. She remained in the car intoxicated when the act of setting the fire took place.
¶ 5. A state fire marshal testified that the skirting around the trailer was missing in one section and that someone had crawled under the trailer to start the fire. An arson investigator testified that upon inspection of the trailer on both July 11 and 19, 2000, it was his view that both fires had been intentionally set.
I. WAS THE VERDICT OF THE JURY AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 6. Reeves argues that the trial court erred in not granting his motion for a new trial, or in the alternative, his motion for judgement notwithstanding the verdict. Reeves-claims a reasonable juror could not have concluded he intentionally set fire to Glenda Graham’s trailer. Reeves contends this even though he stated to Graham that he had set himself on fire in the process of burning down the trailer.
¶ 7. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. “[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998). On review, the State is given “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Griffin v. State, 607 So.2d *80 1197, 1201 (Miss.1992). “Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Dudley, 719 So.2d at 182.
¶ 8. Reeves argues on appeal that due to the lack of credibility of the State’s witnesses this Court should reverse the conviction. Reeves asserts that due to the lack of credibility of witnesses Glenda Graham, Marty Travis, and Jennifer Graham, a reasonable juror could not have concluded that he was guilty of two counts of arson. It has been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017(¶ 9) (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). This Court may not make an assessment on the credibility of the trial witnesses as this task is one for the jury presiding over the matter. Kinzey v. State, 498 So.2d 814, 818 (Miss.1986). When this Court analyzes a jury’s verdict to determine whether it goes against the overwhelming weight of the evidence, we must keep in mind that the jury is the ultimate finder of fact. This Court does not have the task of reweighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible. The law provides:
Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. They may believe or disbelieve, accept or reject the utterances of any witness. No formula dictates the manner in which jurors resolve conflicting testimony into finding of fact sufficient to support their verdict. That resolution results from the jurors hearing and observing the witnesses as they testify, augmented by the composite reasoning of twelve individuals sworn to return a true verdict. A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution.
Langston v. State, 791 So.2d 273, 280 (¶ 14) (Miss.Ct.App.2001) (citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983)). We see no basis for doubting the verdict. The trial judge did not abuse his discretion when he denied the motion for a new trial or judgement notwithstanding the verdict.
II. DID THE TRIAL COURT ERR IN REFUSING TO HOLD A HEARING TO DETERMINE WHETHER THE APPELLANT WAS COMPETENT TO STAND TRIAL?
¶ 9. Donald Reeves contends that the trial court erred in its failure to grant a continuance the day before trial in order to hold a competency hearing to determine if he was competent to stand trial. Therefore, the issue before this court is not whether the court erred in refusing a competency hearing but rather did the court err in its failure to grant a continuance in order that Reeves could be then granted a competency hearing.
¶ 10. The denial of a continuance is not an issue reviewable on appeal where the denial of the continuance is not assigned as a ground for a new trial in the defendant’s post-trial motion for a new trial. On motion for a new trial, “certain errors must be brought to the attention of the trial judge so that he may have an opportunity to pass upon their validity be *81 fore this court is called upon to review them.” Metcalf v. State, 629 So.2d 558, 561-62 (Miss.1993) (citing Weyen v. Weyen, 165 Miss. 257, 139 So. 608 (1932)). “For example, the denial of a continuance in the trial court is not reviewable unless the party whose motion for continuance was denied makes a motion for a new trial on this ground.” Metcalf, 629 So.2d at 562 (citations omitted). See also Morgan v. State, 741 So.2d 246, 255(¶ 25) (Miss.1999); Jackson v. State, 423 So.2d 129, 132 (Miss.1982); Colson v. Sims, 220 So.2d 345, 347 n. 1 (Miss.1969). Reeves did not properly reserve this issue for appeal. In his motion for a new trial and in his appeal the issue presented was whether the trial court erred in failing to allow a competency hearing to determine if Reeves was capable to assist in his own defense. The real issue, stated supra, was based on the trial court’s failure to grant a continuance.
¶ 11. Though this court is procedurally barred from addressing this issue on appeal, if Reeves had properly preserved the issue, the outcome would still remain the same. Miss.Code Ann. §§ 99-15-29 (Rev.2000) provides that:
On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts, the name and residence of the absent witness, that he has used due diligence to procure the absent documents, or presence of the absent witness, as the case may be, stating in what such diligence consists, and that the continuance is not sought for delay only, but that justice may be done .... A denial of the continuance shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom.
In the case sub judice, Reeves did not provide the court with affidavits setting forth the facts he expected to prove by his absent witness or documents that the court may judge, or any other statutorily required information. The trial judge determined that a competency hearing was not required based on the observations made throughout the proceedings and the previous trial which ended in a mistrial due to a conflict of interest issue with Reeves’ previous attorney. The court did not observe any evidence that Reeves was incompetent for trial purposes.
¶ 12. The legal standard for determining competency is well settled in Mississippi. “A defendant not competent to stand trial is one who does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or does not have a rational as well as factual understanding of the proceedings against him.” Gammage v. State, 510 So.2d 802, 803 (Miss.1987). See also Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). “[T]he court is concerned with a defendant being physically and mentally able to confer with his counsel as to the merits of the case .... [H]e should be able to comprehend his position and to participate rationally in his defense.” May v. State, 398 So.2d 1331, 1333 (Miss.1981) (quoting Jaquith v. Beckwith, 248 Miss. 491, 499-500, 157 So.2d 403, 407 (1963)).
¶ 13. Reeves did not display behavior that would even remotely lead someone to believe that he was incompetent to stand trial. The only evidence Reeves presented to support his motion for a continuance was testimony that he was taking medication for cholesterol and depression. So are about a few million other people in the United States. Reeves also provided, by testimony not affidavit, that a psychiatrist from Louisiana stated at one time that he *82 needed psychiatric help. Reeves was entirely able to assist in his defense and at no time did he appear unable to comprehend his position or the proceedings. We see no basis warranting the trial court to believe a competency hearing was needed. Therefore, the trial court did not abuse its discretion. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF TWO COUNTS OF ARSON AND SENTENCE OF FIFTEEN YEARS ON EACH COUNT TO RUN CONSECUTIVELY WITH THE APPELLANT SERVING THE FIRST TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THE REMAINING TEN TO BE SERVED ON POST RELEASE SUPERVISION AND TO PAY RESTITUTION AND OTHER COSTS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.