KING, P.J.,
for the court.
¶ 1. Derrick Ledell Lee was convicted of murder and sentenced to life in prison. He has appealed that conviction, raising as issues (1) the weight of the evidence, (2) improper closing argument by the prosecution, (3) improper and prejudicial testimony of a prior charge, and (4) the cumulative effect of trial errors. This Court finds no error and affirms.
I.
Facts
¶ 2. On June 15, 1996, Lee shot Willie James Clark. Four months later, Clark died from bronchial pneumonia related to his injuries. Four years prior to the 1996 incident, Lee suffered from mental problems in which he “heard voices directing him to do various things.” One of the. voices he claimed to have heard was that of Clark. After being jailed for the shooting, Lee was examined by Dr. Donald Guild, a licensed psychiatrist. Testifying for the defense, Dr. Guild diagnosed Lee with paranoid schizophrenia and concluded that Lee was not responsible for his actions at the time of the shooting and recommended treatment at the state mental *784 hospital for Lee. The State’s psychiatrist concluded that Lee was severely psychotic, heard voices, but knew it was wrong to shoot Clark and was therefore competent to stand trial.
II.
Resolution of the Issues
1. Weight of the evidence
¶ 3. Lee argues that the evidence was insufficient to establish that he knew right from wrong and therefore was insufficient to convict him of murder. Lee argues that the State was not able to produce any witness testimony as to his ability to distinguish right from wrong at the time of the shooting. He maintains that the findings of the State’s psychiatrist were based upon an examination more than a year after the shooting and after Lee had undergone treatment for seven months and been treated with several different medications.
¶ 4. In advance of trial, Lee filed a motion notifying the prosecution of his intent to plead not guilty by reason of insanity. Such a defense requires a showing that at the time of the crime the defendant was “laboring under such a defect of reason from disease of the mind as (1) not to know the nature and quality of the act he was doing, or (2) if he did know it that he did not know that what he was doing was wrong.” Stewart v. State, 790 So.2d 838(¶ 7) (Miss.Ct.App.2000). A defendant is presumed sane and therefore has the burden of producing a reasonable doubt as to his sanity at the time of the crime. White v. State, 542 So.2d 250, 252 (Miss.1989). After this threshold is met, the burden shifts to the State which then must offer evidence showing defendant’s sanity beyond a reasonable doubt. Id. “Sanity is an issue left to the determination of the jury and must be upheld by this Court unless the jury’s determination is against the overwhelming weight of the evidence.” Id.
¶ 5. Dr. Guild, who is both a psychiatrist and a lawyer,[1] was presented by Lee to testify on his behalf as to the state of his sanity at the time of the crime. After interviewing Lee once for an hour, about seven months following the shooting, Dr. Guild concluded that while Lee knew the consequences of using a gun at that time, he suffered from severe delusional beliefs which prohibited him from knowing it was wrong to do so. He concluded that Lee was “so psychotic, so crazy, so disorganized that he would not have been able to perceive right from wrong.” Following his interview with Lee, Dr. Guild recommended that Lee be treated at the state’s mental hospital.
¶ 6. At the state’s mental hospital and more than a year after the shooting, Dr. Reb MeMichael first examined Lee. He treated Lee for a period in excess of seven months, meeting with him on thirty-one occasions over that period. Dr. MeMicha-el diagnosed Lee with severe mental illness and malingering or exaggerating symptoms of psychosis because of his legal situation. In Dr. McMichael’s opinion, Lee, despite his mental frailties, knew that shooting Clark was wrong.
¶ 7. When confronted with a challenge of a jury verdict based on the weight of the evidence, this Court is bound by the well-established standard of accepting as true that evidence which supports the verdict and reversing only those cases in *785 which we are persuaded that an abuse of discretion by the circuit court in refusing to grant a new trial has occurred. Reeves v. State, 825 So.2d 77(¶ 7) (Miss.Ct.App. 2002). On examination of the record on appeal, we give the State the benefit of all favorable inferences that may reasonably be concluded from such evidence. Id. It is only in cases where we can say that the verdict is so contrary to the evidence produced at trial that permitting the judgment to stand would be considered an “unconscionable injustice” will this Court disturb it on appeal. Id. Given this standard by which we examine this issue, we cannot say that allowing the judgment to stand would create an unconscionable injustice.
¶ 8. The jury had before it conflicting evidence of Lee’s sanity at the time he shot Clark. The weight of the evidence supporting the jury’s verdict was not such that a reasonable jury could have only found Lee insane and therefore innocent by reason of insanity. Considering the evidence in a light most favorable to the jury’s verdict, we find that sufficient evidence of Lee’s mental disposition to know right from wrong was produced by the State. This issue lacks merit.
2. Improper remarks in closing arguments
¶ 9. The State referred to Lee as a “murderer” in closing remarks. Lee argues that the jury was biased by the comments and suffered prejudice resulting in the violation of his rights to a fair trial.
¶ 10. The record shows that the prosecutor thrice referred to Lee as a murderer, saying:
There sits a mean man! There sits a man that kills because he was upset about the man embarrassing him, and there sits a murderer! That’s what’s wrong! There’s not [sic] secret or anything else about this. There sits a murderer. It’s murder and nothing else. Pure and simple.
And:
But there’s no evidence, and, in fact, it is clear that no voices that he heard told him to kill anybody, so he can’t blame these voices that make him paranoid for going out and killing somebody. You know that. Who can he blame? Blame the murderer sitting right there.
¶ 11. While Lee did not object to the first two references he did object the third time, saying “Your Honor, I would object to his continual use of the term murderer to the Defendant. He is presumed innocent until he is proven guilty.”
¶ 12. This objection was sustained by the trial court. Lee did not request that the jury be admonished to disregard the prosecution’s remarks. However, in its instructions, the trial court instructed that jury that arguments of counsel were not evidence and should be disregarded if not supported by the evidence. The jury is presumed to follow the instructions of the court. Williams v. State, 684 So.2d 1179, 1209 (Miss.1996).
¶ 13. Circuit courts are given the discretion to discern whether a statement made in closing arguments is so prejudicial to a defendant that a mistrial should be declared. Madere v. State, 794 So.2d 200 (¶¶ 62-63) (Miss.2001). The record before this Court does not suggest an abuse of that discretion by the trial court. This issue lacks merit.
3. Testimony of a prior charge denied defendant a fair trial
¶ 14. The testimony in controversy is as follows:
PROSECUTOR: Was there any record of prior treatment in Mr. Lee’s case?
*786 DR. MCMICHAEL: No, sir, there was not.
PROSECUTOR: You said “charged with prior offenses.” Was there any record of that in his case?
DR. MCMICHAEL: We received information that Mr. Lee had been charged in a previous homicide as a juvenile.
Counsel for Lee immediately objected to the testimony. After a bench conference outside the hearing of the jury, the court stated to the jury: “The Court is going to sustain the objection and ask the jury to disregard the last statement made by Dr. McMichael.”
¶ 15. On appeal, Lee claims he should have been granted a mistrial on the basis that his case was prejudiced by the comment on a prior criminal charge. The State responds that the trial court’s remedial action in admonishing the jury was sufficient to cure any error.
¶ 16. We acknowledge that the trial judge is in the best position to ascertain the prejudicial effect of objectionable testimony. Alexander v. State, 520 So.2d 127, 131 (Miss.1988). Accordingly, on appeal we use an abuse of discretion standard to review a trial court’s decision to grant or deny a mistrial after an objectionable comment has been expressed before a jury. Horne v. State, 487 So.2d 213, 214 (Miss.1986). In the absence of serious and irreparable damage, a trial judge should admonish the jury to disregard the statement or comments. Roundtree v. State, 568 So.2d 1173, 1178 (Miss.1990). Well settled is the principle that when the trial judge sustains an objection to prejudicial testimony directing the jury to disregard it, prejudicial error does not result. Estes v. State, 533 So.2d 437, 439 (Miss.1988). Even further, we presume that the jurors will follow the directives of the court, Payne v. State, 462 So.2d 902, 904 (Miss.1984), because to suppose “otherwise would be to render the jury system inoperable.” Johnson v. State, 475 So.2d 1136, 1142 (Miss.1985).
¶ 17. We find that Dr. McMichael’s error in making the inappropriate comment before the jury was sufficiently cured by the trial court’s action in sustaining the objection and in requesting the jury to disregard the remark. Moreover, the prejudicial effect of such comment was not of such nature as to irreparably affect Lee’s fundamental right to a fair trial.
4. Cumulative effect of trial errors denied defendant a fair trial
¶ 18. Having found no reversible error, this issue is wholly without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

. For seven years, Dr. Guild served in the position of the director of the state’s mental hospital.