KING, C.J.,
for the Court.
¶ 1. Courtney Hill was convicted of the sale of cocaine and sentenced to twenty years in the custody of the Mississippi Department of Corrections. He appeals his conviction and sentence.
¶ 2. On appeal Hill states these assignments of error:
I. THERE WAS JURY MISCONDUCT SO AS TO DEPRIVE THE APPELLANT OF HIS RIGHT TO A FAIR AND IMPARTIAL JURY.
II. THE MENTIONING OF THE PRIOR BAD ACTS OF THE APPELLANT BY THE STATE WAS SO PREJUDICIAL TO THE APPELLANT AS TO REQUIRE REVERSAL.
III. THE TRIAL COURT SHOULD HAVE SUSTAINED THE DEFENSE ATTORNEY’S MOTION FOR A CONTINUANCE WHEN HE WAS GIVEN NEW EVIDENCE ON THE DAY OF TRIAL.
IV. THE CUMULATIVE ERRORS IN THIS CASE DENIED APPELLANT HILL A RIGHT TO A FAIR TRIAL.
¶ 3. This Court finds no error and affirms the conviction and sentence.
FACTS
¶ 4. Hill was convicted of selling a single rock of crack cocaine to Kendrick Shelton, a paid informant for the Montgomery County Sheriffs Office.
¶5. On March 8, 2006, Chief Deputy David Johnson went to the home of Shelton and gave him twenty dollars and instructed him to call Hill and buy a rock of crack cocaine from him. The subsequent transaction was recorded on videotape and also witnessed by Chief Johnson, who was watching through a window. The videotape of the transaction was shown to the jury, and Chief Johnson testified at Hill’s trial, as did Shelton.
¶ 6. Hill did not testify at trial and offered no witnesses.
¶ 7. Hill was convicted of the sale of cocaine and sentenced to twenty years in the custody of the Mississippi Department of Corrections.
DISCUSSION
I. Jury Misconduct
¶8. Hill contends that Lou Ann Ervin, one of the jurors, was “believed” to be related to the State’s witness Shelton. Hill contends that Ervin is “the fiancee [of] and had children by the brother of Kenny Shelton, Kendrick Shelton.... ”
¶ 9. The voir dire of the jury has not been included in the record, so it is impossible to determine if Ervin failed to disclose any of this information prior to being selected to be on the jury. In fact, there is no information in the record on Ervin other than her being selected to be on the jury in the record and a notation on the jury list that she “knows Shelton.” The information on Ervin’s connection to a wit *1065 ness in this case all comes from Hill’s brief. Even the information in Hill’s brief does not show that Ervin was related to the witness Shelton or his brother. Included in the record are the challenges for cause and the peremptory challenges. Er-vin was not challenged for cause, and the defense did not use a peremptory challenge against her.
¶ 10. “The burden is on the defendant to make a proper record of the proceedings.” Genry v. State, 735 So.2d 186, 200(¶72) (Miss.1999). Hill had the duty of making sure that the record contains sufficient evidence to support this assignment of error. Burney v. State, 515 So.2d 1154, 1160 (Miss.1987) (superceded on other grounds). In this case, none of the facts asserted by Hill can be found in or supported by the record. As such, this Court cannot decide this issue based on the assertions found only in the appellant’s brief.
¶ 11. There is no merit to this assignment of error.
II. Hill’s Prior Acts
¶ 12. Hill argues that the trial judge should have granted his motion for a mistrial when Shelton testified during his direct examination that he had purchased crack cocaine from Hill before.
¶ 13. The following exchange occurred at trial:
Q. [By the Prosecutor] How do you know Courtney Hill?
A. Because he lives in Kilmichael. I mean, I know him through there.
Q. How long have you been knowing Courtney Hill?
A. About 10 years, 10 or 12 years.
Q. All right.
A. Or since I’ve lived in Kilmichael.
Q. How did you know what his telephone number was?
A. Because I purchased crack cocaine from him before.
Based on Shelton’s comments, defense counsel then moved for a mistrial.
¶ 14. The trial judge then instructed the jurors to disregard the question and answer. The judge polled each juror to determine whether he or she could disregard the testimony and whether the testimony would be a factor in the determination of a verdict in the case. Each juror was questioned on the record and stated that the testimony would be disregarded. The judge had stated that if any juror indicated that “this was going to affect [him or her] in any way” that he would declare a mistrial.
¶ 15. In addition, the judge, at the close of evidence, also instructed the jury with instruction C-l, which stated:
You should not speculate as to possible answers to questions which the Court did not require to be answered. Further, you should not draw any inference from the content of those questions. You are to disregard all evidence which was excluded by the Court from consideration during the trial.
¶ 16. “Absent unusual circumstances, where objection is sustained to improper questioning or testimony, and the jury is admonished to disregard the question or testimony, we will not find error.” Wright v. State, 540 So.2d 1, 4 (Miss.1989). In Hampton v. State, 910 So.2d 651, 655(¶ 9) (Miss.Ct.App.2005), this Court summarized the law on this point as follows:
The authority to declare a mistrial is left largely to the sound discretion of the trial court. Pulphus v. State, 782 So.2d 1220(¶10) (Miss.2001). Within this authority is the discretion to determine whether the objectionable comment is so prejudicial that a mistrial should be de- *1066 dared. Edmond v. State, 312 So.2d 702, 706 (Miss.1975). Furthermore, when the trial court instructs the jury, we must assume that the panel followed the instruction. Puckett v. State, 737 So.2d 322(¶72) (Miss.1999). In this case, the trial court decided to eliminate all of White's testimony since White had only testified as to his pursuit and arrest of Hampton. The trial court admonished the jury to disregard White’s testimony, and we find no abuse of discretion in doing so.
¶ 17. We also find no abuse of discretion by the trial judge and no merit to this assignment of error.
III. Denial of a Continuance
¶ 18. Hill contends that the State was tardy with discovery and under Box v. State, 437 So.2d 19, 21 (Miss.1983), he should have been granted a continuance to investigate why there was a mix up in the laboratory reports on the crack cocaine.
¶ 19. Apparently, the defense counsel was given the wrong laboratory report about the crack cocaine. The report initially given to counsel was for crack cocaine from a prior sale by Hill of .10 gram of crack cocaine, rather than the .19 gram of crack cocaine that was sold by Hill to Shelton. Hill was not indicted for the prior sale of crack cocaine. There is no difference in the penalty regardless of the amount of cocaine sold. The court required that both lab reports be put in the record.
¶ 20. The court allowed the indictment to be amended to reflect the correct weight of .19 gram of crack cocaine. Hill objected to the amendment and requested a continuance to “further look into this matter....”
¶21. Hill’s argument on appeal concerns the denial of a continuance, not the validity of the amendment or the chain of custody or a discovery violation. Hill contends that the continuance should have been granted because he was given “new evidence” five minutes before trial. The court found that the defense would be the same and that a continuance would not change the defense.
¶ 22. The Box decision is not applicable in this case. Box applies when a new and previously undisclosed witness, or new and previously undisclosed evidence, is proposed to be introduced. See, e.g., McGowen v. State, 859 So.2d 320, 336-37(58) (Miss.2003) (citing Box, 437 So.2d at 22-26). It requires that under such circumstances, the defendant be given the opportunity to question the new witness prior to testimony, or examine the new evidence prior to introduction. Id. After such, the defendant must request a continuance if he believes that he may be prejudiced by the lack of opportunity to prepare for the previously undisclosed evidence. Id. In this case, there was no new witness or new testimony proposed, nor was there any new evidence proposed for introduction. Accordingly, no continuance to question the proposed witness or to examine the proposed evidence was necessary.
¶ 23. No mention was made at trial of the weight of the cocaine. The defense stipulated to the qualifications of the forensic scientist from the Mississippi State Crime Laboratory and that the submitted evidence contained cocaine.
¶ 24. The State argues that the issue of denying a continuance was not raised in the motion for new trial and, therefore, is procedurally barred as an issue on appeal. Specifically, the State cites this language from Crawford v. State, 787 So.2d 1236, 1242-43(¶25) (Miss.2001):
The denial of a continuance is not an issue reviewable on appeal where the denial of the continuance is not assigned *1067 as a ground for a new trial in the defendant’s post-trial motion for a new trial. On motion for a new trial, “certain errors must be brought to the attention of the trial judge so that he may have an opportunity to pass upon their validity before this court is called upon to review them.” Metcalf v. State, 629 So.2d 558, 561-562 (Miss.1993) (citing Weyen v. Weyen, 165 Miss. 257, 139 So. 608 (1932)). “For example, the denial of a continuance in the trial court is not reviewable unless the party whose motion for continuance was denied makes a motion for new trial on this ground.” Metcalf, 629 So.2d at 562 (citation omitted). See also Morgan v. State, 741 So.2d 246, 255 (Miss.1999); Jackson v. State, 423 So.2d 129 (Miss.1982); Colson v. Sims, 220 So.2d 345, 347 n. 1 (Miss.1969).
¶ 25. In this case, no mention is made of the denial of the motion for continuance in the motion for a new trial. In fact, there is no motion for a new trial in the record.
¶ 26. Regardless, the decision to grant or deny a motion for continuance will not be grounds for reversal unless it is shown to have resulted in an injustice. Miss. Code Ann. § 99-15-29 (Rev.2007); Coleman v. State, 697 So.2d 777, 780 (Miss.1997). Hill has not shown that an injustice resulted from the denial of the continuance.
¶27. There is no merit to this issue, regardless of whether it is procedurally barred.
IV. Cumulative Error
¶ 28. If “there [is] no reversible error in any part, there is no reversible error to the whole.” Genry, 735 So.2d at 201 (¶ 73) (quoting McFee v. State, 511 So.2d 130, 136 (Miss.1987)). This is another way of saying that the Court has not found any error in Hill’s trial.
¶ 29. This Court has not found merit to any of the assignments of error; therefore, this is not a proper case for the application of the doctrine of cumulative error. The Court finds no reason for reversal.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P JJ., IRVING, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. GRIFFIS AND BARNES, JJ., CONCUR IN RESULT ONLY.