510 So.2d 802 (1987)
Ronald Ray GAMMAGE
v.
STATE of Mississippi.
No. 56029.
Supreme Court of Mississippi.
July 29, 1987.
J. Ronald Parrish, Billy C. Doggette, Laurel, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and SULLIVAN, JJ.
WALKER, Chief Justice, for the Court:
Ronald Ray Gammage was tried in the Circuit Court for the Second Judicial District of Jones County and convicted of rape and armed robbery. He was sentenced to terms of forty (40) years for the rape and forty (40) years for the armed robbery, with the terms to run consecutively. From the convictions and sentences he appeals. We reverse and remand.
*803 Gammage was charged by indictment with rape and armed robbery. In connection with a separate incident he was charged with capital murder and rape. The latter two (2) charges are not the subject of this appeal, Gammage having been acquitted on the capital murder charge, and the rape charge having been dropped. The rape and armed robbery involved in the case at bar were tried together. In the first trial the jury deadlocked with an eleven (11) to one (1) vote for acquittal. The second trial ended in a mistrial when the district attorney testified that Gammage had been indicted for capital murder. After the third trial, the jury returned verdicts of guilty on both charges, and the trial court sentenced Gammage to forty (40) years on each charge, with the terms to run consecutively.
Prior to the first trial, defense counsel moved for a mental examination, calling into question Gammage's ability to assist in the preparation of his defense. The record indicates that Gammage was examined by a psychologist, who administered intelligence tests. Those tests indicated that Gammage's intelligence quotient was 48 to 52. Based on these scores and other findings, the psychologist concluded that Gammage did not possess the mental capacity to assist in the preparation of his defense. During the first trial, the psychologist who conducted the mental examination and a second psychologist each testified that Gammage was not capable of assisting in his defense and was not competent to stand trial. There is no indication in the record of a hearing on the question of Gammage's competency to stand trial, nor is there any indication of the trial court's ruling on that issue. After the first trial ended in a mistrial, the State, through the district attorney, moved to pass the case to the files. In its motion the State noted the eleven (11) to one (1) vote for acquittal and expressed doubt that Gammage could be convicted. Based on the psychologists' testimony in the first trial, the district attorney executed and attached to the motion an affidavit asking that Gammage be committed to a mental institution. The trial court denied this motion. Subsequently defense counsel made a similar motion which was confessed by the State. The trial court denied this motion as well. Prior to the third trial and on motion of defense counsel, the court entered an order renewing all motions previously made in the cause and renewing the rulings on those motions. Thus, the issue of competency to stand trial was preserved.
We begin with our often stated principal that
[t]he trial of a defendant, when his mind is so clouded that he cannot remember and intelligently relate what occurred at the time of the commission of the alleged offense is a denial of due process and contrary to public policy, and when it appears to the trial court that there is a probability that defendant is incapable of making a rational defense, the trial court should not proceed until the defendant's mental condition has been investigated and it appears that he is sufficiently rational to make a defense.
Emanual v. State, 412 So.2d 1187, 1189 (Miss. 1982) (emphasis in original).
A defendant not competent to stand trial is one who does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or does not have a rational as well as a factual understanding of the proceedings against him. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Caylor v. State, 437 So.2d 444, 447 n. 1 (Miss. 1983). Applying this standard to the case at bar, we note several pertinent facts revealed in the record. It is undisputed that Gammage's intelligence quotient was forty-eight (48) to fifty-two (52). At one point in the proceedings, the district attorney moved to pass the case to the files, attaching to the motion an affidavit asking that Gammage be committed to a mental institution. The trial court denied that motion, and denied a similar motion made by the defendant and confessed by the State. Two (2) psychologists testified that Gammage was not competent to assist in his own defense. The State's only effort at rebutting this evidence was an abortive attempt, during the second trial, to prove that Gammage had *804 answered questions rationally at his arraignment. (The second trial ended in a mistrial when the district attorney testified that the arraignment was also for capital murder.)
When a defendant appears to be Dusky incompetent, the trial court should appoint a competent psychiatrist, (or psychologist), selected by the court, to determine the defendant's ability to make a defense as provided in Miss.Code § 99-13-11 (1972).
Gammage did not allege insanity nor do we find any indication of insanity in the record. Rather, Gammage only claims that he was unable to assist in his defense.
Having reviewed the entire record, we are of the opinion that the trial court's finding of no probability of incompetency is manifestly against the overwhelming weight of the evidence. Therefore, the conviction and sentence are reversed, and this cause is remanded to the Circuit Court of the Second Judicial District of Jones County for a determination of whether Gammage is presently competent to stand trial. If he is found competent to assist in his defense, he may be tried. If he is found not to be competent to assist in his defense the court should enter an order so finding and commit him to a mental institution or such other facility as the court may deem appropriate under all circumstances to receive treatment for his condition. The order of commitment should require regular reports as provided in Rule 4.08 advising the court: 1) whether there is substantial probability that the defendant will become mentally competent to stand trial, and 2) whether the defendant is progressing toward competency. If neither of those conditions occurs within a reasonable period of time the judge should order that civil proceedings be instituted as provided in Miss. Code Ann. §§ 41-21-61 to XX-XX-XXX (Supp. 1986).
The judgment of conviction and sentence are reversed and this cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
ROBERTSON, J., specially concurring.
ROBERTSON, Justice, concurring:
I concur in today's opinion that the above case be reversed and remanded. I write separately to clarify the fact that this opinion in a very real sense amends Rule 4.08(1),[1] Miss.Unif.Crim.R.Cir.Ct.Prac., and to urge that this correction be expeditiously incorporated into the language of the rule itself.
The problem is with the rule's confusion of two separate and distinct concepts: competency to stand trial, on the one hand, and competency for purposes of criminal culpability, on the other. Ronald Ray Gammage's case, as the majority makes clear, concerns the former, not the latter.
Rule 4.08(1) begins by placing  inappropriately, I suggest  the procedure for handling competency to stand trial under the heading "Insanity Defense". The rule then proceeds to provide what is to be done if prior to trial reasonable grounds are shown for believing "that the defendant is insane." But what meaning is to be assigned the word "insane?" In the context of the insanity defense, our familiar but oft criticized rule is that the defendant is legally insane if at the time of his alleged criminal act he did not know the difference between right and wrong nor the nature and quality of his act. Porter v. State, 492 So.2d 970, 975 (Miss. 1986); Gill v. State, 488 So.2d 801, 802 (Miss. 1986); Laney v. State, 486 So.2d 1242, 1245-46 (Miss. 1986); Harvey v. State, 207 So.2d 108, 110-15 (Miss. 1968); see also M'Naghten's Case, 10 Clark & F. 200, 8 Eng.Rep. 718 (1843). But surely we are talking about an altogether different mental state when we inquire whether one is competent to stand trial.
The fact that there is reasonable ground to believe that the defendant is "M'Naghten insane" adds little to the matter of *805 whether he is competent to stand trial. This is so, first, for our focus is upon a different period of time. Legal insanity is concerned with the time of the alleged criminal act. Competency to stand trial is concerned with the time of trial, which will invariably be months, if not years, later. That one's mental state at one time may be different from what it is at the other is a reality well within common experience.
Second, the fact that the defendant may or may not be M'Naghten insane tells us little about whether he is competent to stand trial. The test for legal capacity to commit a criminal act stated in the cases cited above is quite different from the test for competency to stand trial found in Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Emanuel v. State, 412 So.2d 1187, 1189 (Miss. 1982) and the other cases cited in the majority opinion.[2]
Without further ado, it seems clear to me that Rule 4.08(1) needs to be amended. Wherever the word "insane" appears, that word should be deleted and in lieu and instead thereof the words "incompetent to stand trial" should be inserted. Further, wherever the word "sane" is used, it should be replaced by "competent to stand trial." And, wherever the phrase "state asylum for the insane" is used, those words should be deleted and replaced by "Mississippi State Hospital or other appropriate mental health facility."
Because the opinion of the majority has the effect of reading the rule as I would amend it, I concur.
DAN M. LEE, PRATHER and GRIFFIN, JJ., join in this opinion.
NOTES
[1] Rule 4.08(1), of course, supplants our statute on competency to stand trial, Miss. Code Ann. § 99-13-1 (1972), to the extent that the two are inconsistent.
[2] The two distinct categories of mental competence discussed above are not the only ones recognized in our law. There are at least three other such categories, yielding a total of at least five, and each of the five must be kept separate and distinct from the other four. I refer to emotional disturbance as a mitigating circumstance in death penalty cases, Miss. Code Ann. § 99-19-101(6)(b) (Supp. 1986); cognitive and volitional incapacity, also potential mitigating circumstances in death penalty cases, Miss. Code Ann. § 99-19-101(6)(f) (Supp. 1986); and "insanity" for purposes of whether one may constitutionally be put to death. See Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986); see also Billiot v. State, 478 So.2d 1043, 1047-49 (Miss. 1985) (Robertson, J., concurring).