SULLIVAN, Justice,
for the Court:
Ronald Ray Gammage was tried in the Circuit Court of the Second Judicial District of Jones County and convicted of rape and armed robbery and sentenced to terms of forty years for the rape and forty years for the armed robbery, with the terms to run consecutively. This Court reversed and remanded those convictions for a determination of whether or not Gammage was pres *355 ently competent to stand trial. Gammage v. State, 510 So.2d 802 (Miss.1987).
In March of 1988, an evaluation of Gam-mage was reported to the circuit court which determined that Gammage did not have intellectual capacity to competently stand trial and that he should be placed in an institution for the adult mentally retarded. On April 20, 1988, the circuit court issued an order committing Gammage to the Department for “... proper placement in a suitable institution, properly equipped and trained to care for persons with his capabilities.”
On June 29, 1988, Gammage was admitted to the Mississippi State Hospital at Whitfield, Mississippi. Subsequently, the State Hospital evaluated Gammage and found him to be competent to stand trial, and on August 9, 1988, a letter detailing these findings was sent to Judge Landrum. The Jones County Sheriffs office was notified and asked to retake Gammage into their custody. The sheriffs office declined to accept the custody of Gammage without a court order mandating his return to custody in Jones County, and the Department filed a Motion for Relief from the court order of April 20, 1988. On November 21, 1988, the Jones County Circuit Court overruled this Motion for Relief and ordered that Gammage remain committed in the State Hospital.
I.
DID THE CIRCUIT COURT VIOLATE RULE 4.08 OF THE UNIFORM CRIMINAL RULES OF CIRCUIT COURT PRACTICE BY COMMITTING RAY TO THE STATE HOSPITAL WITHOUT THE BENEFIT OF A CIVIL COMMITMENT HEARING?
In Gammage v. State, 510 So.2d 802 (Miss.1987), this Court instructed the Jones County Circuit Court to determine whether Gammage was competent to stand trial:
If he is found competent to assist in his defense, he may be tried. If he is found not to be competent to assist in his defense the court should enter an order so finding and commit him to a mental institution or other such facility as the court may deem appropriate under all circumstances to receive treatment for his condition. The order of commitment should require regular reports as provided by Rule 4.08 advising the court: (1) whether there is substantial probability that the defendant will become mentally competent to stand trial, and (2) whether the defendant is progressing toward competency. If neither of those conditions occur within a reasonable period of time the judge should order that civil proceedings be instituted as provided in Miss. Code Ann. §§ 41-21-61 to 41-21-107 (Supp.1986). (Emphasis supplied).
510 So.2d at 804.
A reading of Rule 4.08 of the Uniform Criminal Rules of Circuit Court Practice reveals that this Court’s ruling echoed a significant portion of this rule. In addition to the written report requirement, Rule 4.08 provides:
If at any time during such commitment, the proper official at the state asylum for the insane shall consider that the defendant is mentally competent to stand trial, such official shall promptly notify the court of that effect in writing, and place the defendant in the custody of the sheriff. The court shall thereupon conduct a hearing on the mental competency of the defendant. (Emphasis Supplied).
The record clearly reflects that during his commitment, the officials at Whitfield determined that Gammage was competent to stand trial. They complied with Rule 4.08, but the circuit court ignored the prescribed procedure of Rule 4.08, choosing instead to order that Gammage remain confined at Whitfield without the benefit of a mental competency hearing. In so doing the circuit court was in error, as it was without authority to overrule the Motion of the Department of Mental Health for Relief from the Order of April 20, 1988.
It is mandatory that the Circuit Court of the Second Judicial District of Jones County, Mississippi, conduct a hearing on Gam- *356 mage’s mental competency in accordance with Rule 4.08 as soon as possible.
II.
DID THE CIRCUIT. JUDGE FAIL TO COMPLY WITH THE EXCLUSIVE METHODS FOR INDEFINITELY COMMITTING AN INDIVIDUAL TO A-STATE HOSPITAL?
There are two exclusive methods available to courts for committing an individual indefinitely to a State Hospital, due to mental disorders. The first method of commitment requires acquittal by a jury on the basis of insanity or feeble-mindedness. § 99-13-7, Mississippi Code ■ Annotated (1972), deals with acquittal of a crime by reason of insanity. In pertinent part, it states:
And if the jury certify that such person is still insane and dangerous the judge shall order him to be conveyed to and confined in one of the state asylums for the insane.
§ 99-13-9, Mississippi Code Annotated (1972), provides for acquittal for feeble-mindedness and in pertinent part reflects:
... if the jury certify that such feeble-minded person is dangerous to the peace and safety of the community, or to himself, the court shall forthwith give notice of the case to the chancellor, or clerk of the chancery court, whose duty it shall be to proceed with such person according to the law provided in the case of feeble-minded persons, the feeble-minded person himself being remanded to custody to await the action of the chancery court.
The second method of indefinite commitment requires a hearing before a chancellor prior to the individual being ordered to the State hospital for treatment and is found in §§ 41-21-61 through 41-21-107, Mississippi Code Annotated (1972). This is the method of commitment referred to in Rule 4.08 of the Uniform Criminal Rules of Circuit Court practice which states:
If within a reasonable period of time after commitment, there is neither a determination that there is a substantial probability that the defendant will become mentally competent to stand trial nor progress towards that goal, the judge shall order that civil proceedings as provided in Miss.Code Ann. §§ 41-21-61 to-107 (1972) be instituted.
The legislature has not seen fit to bestow upon circuit judges the power to indefinitely commit an individual without the concurrence of a jury or without deferring to the chancellor through § 41-21-61 to -107. The record reveals that neither method was followed by the lower court in this case.
Emanuel v. State, 412 So.2d 1187 (Miss.1982), Hawkins, J., Specially Concurring, pointed out that there has been a general departure from the requirement that a jury must determine the competency of a person to stand trial. At page 1191, Hawkins, J., states:
Rule 4.08 of the Uniform Criminal Rules of Circuit Court Practice specifically and in detail sets forth the procedure to be followed by the circuit judge when present mental incompetency is brought to the attention of the court. There is no requirement whatsoever for a jury in this Rule.
While Rule 4.08 does not require a jury’s concurrence to indefinitely commit an individual, it does direct the circuit court to order that civil proceedings be instituted as per §§ 41-21-61 to 107. In any event, commitment of an individual to a state hospital requires more than a mere order by a circuit court judge. That this state of affairs may work an unjust hardship both on circuit courts and criminal defendants may or may not be true, but that is a question for the legislature. It is obvious in this case that the trial court departed from the mandates of the statute and Rule 4.08. We, therefore, order that the Circuit Court of the Second Judicial District of Jones County, Mississippi, comply with Rule 4.08 and conduct a mental competency hearing on Ronald Ray Gammage as soon as is practical.
ORDER OVERRULING MOTION REVERSED AND CAUSE REMANDED TO THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF JONES COUN *357 TY, MISSISSIPPI, FOR A MENTAL COMPETENCY HEARING.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.