ISHEE, J.,
for the Court:
¶ 1. Ondre Belton pleaded guilty in the Copiah County Circuit Court on November 9, 2011, to the charge of taking possession of and taking away an automobile, or car theft. He was sentenced to six years in the custody of the Mississippi Department of Corrections (MDOC). On January 14, 2013, Belton filed a motion for post-conviction relief (PCR), which was denied. He now appeals. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On November 9, 2011, Belton pleaded guilty to car theft. The information presented against Belton stated that he unlawfully took possession of and took away a truck belonging to Blain Companies on May 21, 2011. At that time, Belton was employed by Blain Companies. At his guilty-plea hearing, the State testified that it was prepared to show that Belton took possession of the truck while he was off duty, and disabled the global-positioning *239 system so he could take the truck for his own use, temporarily depriving Blain Companies of its property.
¶ 3. After being advised of his rights, the charge made against him, and the penalty of that charge, Belton pleaded guilty. Upon the State’s recommendation, the circuit court sentenced Belton to six years in the custody of the MDOC. Belton filed a PCR motion on January 14, 2013, which was denied. Aggrieved, Belton appeals.
DISCUSSION
¶4. A circuit court’s denial of a PCR motion will not be disturbed unless the decision was clearly erroneous. Bell v. State, 105 So.3d 401, 403 (¶5) (Miss.Ct.App.2012) (citing Smith v. State, 12 So.3d 563, 564 (¶ 4) (Miss.Ct.App.2009)). Questions of law are reviewed de novo. Id.
¶ 5. Belton argues that the charges against him were invalid, and he challenges the sufficiency of the evidence. It is well settled that a guilty plea is valid so long as it was “voluntarily and intelligently made by the criminal defendant before the trial court.” Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009) (citing King v. State, 738 So.2d 240, 241 (¶¶2-3) (Miss.1999)). “To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.” Id. (citing Harris v. State, 806 So.2d 1127, 1130 (¶ 9) (Miss.2002)).
¶ 6. Belton pleaded guilty to the charge of car theft under Mississippi Code Annotated section 97-17-42 (Supp.2013). At the plea hearing, the elements of this charge were explained to Belton. He was informed of the facts underlying the charge that the State was prepared to present to prove his guilt. Belton was then informed of his constitutional rights and that he would be waiving these rights by pleading guilty, and he informed the circuit court he understood these rights and was prepared to waive them. Initially, Belton stated that he was not guilty of the crime of car theft. At that time, the circuit court allowed Belton the opportunity to discuss his case with his attorney before entering his plea.
¶ 7. After returning to the courtroom, Belton informed the circuit court that an understanding had been reached and that he was prepared to plead guilty. The circuit court asked Belton if he stole someone’s truck and Belton replied, “Yes, sir.” The circuit court asked if Belton had been influenced to plead guilty, to which Belton replied, “No.” The circuit court asked Belton if he was pleading guilty because he was guilty and Belton replied, ‘Tes, sir.”
¶ 8. As such, the circuit court found that “Belton has knowingly and intelligently waived his constitutional rights, he has freely and voluntarily entered a plea of guilty in this cause, ... [and] there is a factual basis to support the charges against him[.]” We agree. While Belton may have expressed concerns regarding his guilty plea, he was given the opportunity to consult with his attorney, and he decided to continue with the entry of his guilty plea. Therefore, we find that Bel-ton knowingly and intelligently waived his constitutional rights and voluntarily entered his plea of guilty.
¶ 9. “A valid guilty plea waives the right to challenge the sufficiency of the State’s evidence.” Grissom v. State, 66 So.3d 1280, 1282 (¶ 6) (Miss.Ct.App.2011) (citation omitted). Therefore, Belton waived his right to challenge the sufficiency of the evidence. This issue is without merit.
¶ 10. Belton also asserts that he was denied effective assistance of counsel. In *240 order to make a claim based on ineffective assistance of counsel, Belton must prove that his counsel’s performance was deficient and that his defense was prejudiced by this deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “In the context of guilty pleas, this means the defendant must show that, were it not for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Ivy v. State, 103 So.3d 766, 769 (¶ 11) (Miss.Ct.App.2012) (citations omitted).
¶ 11. Belton contends that his attorney failed to inform him of available defenses and failed to investigate the validity of the charge, as well as the evidence presented against him. Belton, however, only offers his own affidavit in support of these arguments and does not provide any further proof. “In cases involving post-conviction collateral relief, where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Watts v. State, 97 So.3d 722, 726 (¶12) (Miss.Ct.App.2012) (citations omitted). Belton failed to prove that his counsel’s performance was deficient. Therefore, this issue is without merit. We affirm the judgment of the circuit court.
¶ 12. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.