# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01314-COA

ANDREW LEON BRADLEY A/K/A ANDREW L. BRADLEY A/K/A ANDREW BRADLEY

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

DATE OF JUDGMENT: 08/02/2016
TRIAL JUDGE: HON. JAMES MCCLURE III
COURT FROM WHICH APPEALED: TATE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: ANDREW LEON BRADLEY (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: BILLY L. GORE
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED: 08/15/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. Andrew Bradley pled guilty to one count of possession of cocaine with intent to distribute, as a habitual offender. He did so pursuant to a plea bargain, where in exchange for his guilty plea the prosecution agreed to eliminate a recidivist enhancement, to recommend a maximum of a ten-year sentence,[1] and to retire to the file charges in another

---

[1] The sentence recommended and imposed was contrary to the habitual offender statute, which requires that the defendant be sentenced to the maximum term permitted for the underlying offense. *See* Miss. Code Ann. § 41-29-139(b)(1)(B) (Supp. 2016); Miss. Code Ann. § 99-19-81 (Rev. 2015). The record reflects no proportionality analysis. *See generally Clowers v. State*, 522 So. 2d 762, 764 (Miss. 1988). But Bradley does not, and indeed cannot, complain that he received an illegally lenient sentence. *See, e.g., Chambliss v. State*, 188 So. 3d 1262, 1267 (¶17) (Miss. Ct. App. 2016).

case. The circuit court sentenced Bradley to ten years, as a habitual offender and without the possibility of probation or parole. Less than a year later, Bradley filed the instant motion for post-conviction relief. The circuit court dismissed it without an evidentiary hearing, and after reviewing the record, we affirm.

## STANDARD OF REVIEW

¶2. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

## DISCUSSION

### 1. Voluntariness of Plea

¶4. In his first issue, Bradley contends that his guilty plea was involuntary. He alleges that he only agreed to plead guilty because the prosecutor threatened him with a life sentence if he went to trial. He also claims that defense counsel "coached" him into testifying at the hearing that his plea was voluntary.

¶5. These contentions are supported only by Bradley's claims in his PCR motion and his

brief on appeal, and they are directly contradicted by his sworn petition to enter a guilty plea and by his testimony at the hearing. The record reflects that Bradley repeatedly admitted under oath that he had not been threatened, intimidated, or coerced and that he was pleading guilty of his own free will.

¶6. Bradley's own claims in his PCR motion are insufficient to require an evidentiary hearing, given his prior sworn statements. No hearing is required "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham." *Wright v. State*, 577 So. 2d 387, 390 (Miss. 1991).

### 2. Factual Basis

¶7. Under the umbrella of his first issue, Bradley also claims that there was no factual basis for his guilty plea. Suffice it to say that, at the guilty plea hearing, Bradley admitted under oath to every element of the offense.

¶8. Bradley's post-conviction challenge actually consists of factual contentions that challenge the strength of the evidence against him and the ability of the prosecution to prove its case at trial. For example, the prosecutor stated, and Bradley admitted under oath, that Bradley threw a bag containing cocaine out of his vehicle while fleeing from the police. In his PCR motion, however, Bradley contends that the prosecution would not really have been able to prove that he was the one who threw the bag, as he had a passenger in the vehicle at

3

the time.

¶9.     But Bradley pled guilty, and "[a] valid guilty plea waives the right to challenge the sufficiency of the State's evidence." *Belton v. State*, 138 So. 3d 237, 239 (¶9) (Miss. Ct. App. 2014) (citation omitted).  This issue is without merit.

### 3.     Weight of the Evidence

¶10.    Bradley's next issue is essentially a rehashing of his factual basis argument, which we addressed in the previous issue and found without merit.  Again, "[a] valid guilty plea waives the right to challenge the sufficiency of the State's evidence." *Belton*, 138 So. 3d at 239.

### 4.     Preliminary Hearing

¶11.    Bradley next contends that he did not receive a timely preliminary hearing, and if he had, that it would have determined that the prosecution could not make a case against him. The record reflects, in fact, that Bradley was indicted by a grand jury, which both disproves Bradley's claims about the evidence and renders the question of a preliminary hearing moot. In *Sanders v. State*, 847 So. 2d 903, 907 (¶22) (Miss. Ct. App. 2003), this Court explained:

> The record does not show whether Sanders had a preliminary hearing. However, once the indictment occurs, even had a preliminary hearing not been provided, that question becomes moot.  The purpose of a preliminary hearing is to explore whether there is probable cause to believe that the defendant has committed an offense.  The indictment by a grand jury removes the purpose of the hearing and none need thereafter be conducted.  Sanders' indictment appears in the record; therefore, the preliminary hearing issue is unavailing.

(Citations omitted).

¶12.    This issue is without merit.

**5. Indictment**

¶13. In Bradley's next issue, he contends that his indictment was defective. Some of his arguments here are difficult to comprehend – he appears to argue that his indictment conflicted with another indictment rendered against him several months prior, but that indictment is not found in the record. The various assertions made by Bradley on this point do not even suggest that he might be entitled to relief; even based on Bradley's own contentions, it appears he faced indictments for two entirely separate incidents occurring some time apart from each other.

¶14. Bradley also contends that his indictment was defective because it did not allege the specific amount of cocaine he ultimately admitted to possessing – 2.15 grams – but instead tracked the language of the statute and accused him of possessing two or more grams, but less than ten grams, of cocaine. *See* Miss. Code Ann. § 41-29-139(b)(1)(B) (Supp. 2016).

¶15. "The purpose of the indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense." *Warren v. State*, 187 So. 3d 616, 621 (¶10) (Miss. 2016) (citation omitted). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Tran v. State*, 962 So. 2d 1237, 1241 (¶17) (Miss. 2007). "The ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of his

defense." *Warren*, 187 So. 3d at 621-22 (¶10) (citation omitted).

¶16.    Under our statute, it is not an element of the offense that the State prove the amount of drugs the defendant possessed to two decimal places; it is only required to prove that the defendant possessed them in an amount punishable under the statute. *See* § 41-29-139. That was alleged by the indictment here. This contention is without merit.

### 6.    Sentencing as a Habitual Offender

¶17.    Finally, Bradley presents several challenges to his indictment and sentencing as a habitual offender, some of which are repeated under more than one issue heading in his brief. We have combined all of Bradley's challenges to his conviction and sentence as a habitual offender into one discussion for convenience.

¶18.    The indictment detailed three prior convictions and sentences, all over one year in length. Bradley alleges that one of the prior convictions and sentences was "fabricated" in the sense that he was actually sentenced to a term of less than one year. He also contends that one of the convictions could not be used because he was presently serving that sentence at the time he was sentenced in the instant case; apparently his suspended sentence in that case had been revoked after he committed the instant offense.

¶19.    First of all, Bradley did not object to his sentencing as a habitual offender. He is therefore procedurally barred from raising these issues on appeal. *See Martin v. State*, 214 So. 3d 217, 220 (¶6) (Miss. 2017).

¶20.    Notwithstanding the procedural bar, Bradley appears to misunderstand the habitual

6

offender statute. It requires only that Bradley have been sentenced to a year or more; the length of the sentence controls, not how much of it is actually served. *See* § 99-19-81; *Jackson v. State*, 381 So. 2d 1040, 1042 (Miss. 1980). Moreover, the record says nothing about the prior convictions beyond what was alleged in the indictment, which Bradley specifically admitted as true and accurate in both his sworn petition to enter a plea of guilty and his testimony at the guilty plea hearing. Again, "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required." *Wright v. State*, 577 So. 2d 387, 390 (Miss. 1991).

¶21.   We find no merit to these contentions.

¶22.   **AFFIRMED.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**