WESTBROOKS, J., FOR THE COURT:
¶ 1. The motion for rehearing is denied in part and dismissed as moot in part. The previous opinion of this Court is withdrawn, and this opinion is substituted in its place.
¶ 2. Nicholas D. Brown, appearing pro se, appeals the Simpson County Circuit Court's denial of his motion for postconviction relief (PCR). Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 3. In April 2013, Brown was indicted by a Simpson County grand jury on two counts of possession of a controlled substance. In Count I, he was charged with possession of approximately 12.1 milliliters of a codeine. In Count II, he was charged with possession of approximately 1.2 grams of cocaine. In March 2014, Brown pleaded guilty to only Count II, possession of 1.2 grams of a cocaine. At his plea hearing, Brown requested to enter a drug-court program. The trial court withheld acceptance of Brown's guilty plea and placed Brown on nonadjudicated probation. The court also accepted Brown's request to enter a drug-court program.
¶ 4. In 2015, Brown was found to have violated the terms and conditions of the drug-court program.[1] The trial court found that Brown's nonadjudicated status should be revoked and accepted his guilty plea. Brown was sentenced to sixteen years on Count I[2] and eight years on Count II, with the sentences to run consecutively in the custody of the Mississippi Department of Corrections.
¶ 5. In October 2015, Brown filed a PCR motion in the circuit court in cause number 2013-90-K-1. In August 2016, Brown filed *479 another PCR motion in the circuit court in cause number 2015-291-1, alleging that his plea was involuntary, his counsel was ineffective, and his search warrant was invalid. In November 2016, Brown filed two more PCR motions in cause number 2015-291-1, again alleging ineffective assistance of counsel and that his plea was involuntary.[3] The record reflects that at one time, Brown had a total of four PCR motions before the circuit court.
¶ 6. In November 2016, the Simpson County Circuit Court denied Brown's PCR motions in cause number 2015-291-1. Brown timely appealed. On February 13, 2018, this Court handed down its original decision affirming the denial of Brown's PCR motions. Brown timely filed for rehearing. While Brown's rehearing motion was pending before this Court, the Simpson County Circuit Court entered an order on May 14, 2018, in Brown's criminal cause, 2013-90-K-1, to correct a scrivener's error in Brown's March 14, 2014 order of conviction. The May 14 order was also filed in Brown's civil PCR cause, 2015-291-1. The order states that the portion of the order of conviction stating that Brown pleaded guilty to Count I, possession of codeine, was a mistake. The May 14 order corrects the order of conviction to reflect that Brown only pleaded guilty to Count II, possession of cocaine. The April 22, 2015 order revoking Brown's nonadjudicated status was also corrected to strike the sixteen-year sentence on Count I. The May 14 order states that all other portions of the order of conviction and revocation order remain in effect.[4]
¶ 7. On appeal, Brown did not specifically argue his conviction and sentence on Count I were incorrect; thus, it was not reviewed or addressed in this Court's original opinion. On rehearing, Brown does challenge his conviction on Count I. However, as the circuit court has now entered an order correcting the order of conviction and revocation order to reflect that Brown did not plead guilty to Count I and has struck Brown's sentence on Count I, Brown's rehearing arguments related to Count I are moot. As to Brown's remaining rehearing arguments on Count II, we find no merit to these issues and find they should be denied. Thus, we deny Brown's rehearing motion in part and dismiss it as moot in part. We issue this modified opinion consistent with the circuit court's May 14, 2018 order.
STANDARD OF REVIEW
¶ 8. "We review a circuit court's denial of a PCR motion under a clearly-erroneous standard of review." Vanwey v. State , 147 So.3d 367, 369 (¶ 8) (Miss. Ct. App. 2014). "[H]owever, we review the [circuit] court's legal conclusions under a de novo standard of review."
*480 Jackson v. State , 178 So.3d 807, 809 (¶ 8) (Miss. Ct. App. 2014).
DISCUSSION
I. Voluntariness of Plea and Assistance of Counsel
¶ 9. Brown asserts that his guilty plea was involuntary because he received ineffective assistance of counsel. He maintains that his lawyer failed to properly assist with his defense. Brown asserts that he would not have pleaded guilty if he would have received effective assistance from his attorney. "The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence." Walton v. State , 16 So.3d 66, 70 (¶ 8) (Miss. Ct. App. 2009). "A guilty plea is deemed 'voluntary and intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." Id.
¶ 10. The record clearly indicates that Brown was informed of the nature of the charges against him and the consequences of his plea. The following is an excerpt from Brown's guilty-plea hearing:
THE COURT: Mr. Brown, before I can accept your guilty plea, it's necessary that I determine that your guilty plea is knowingly, understandingly, freely[,] and voluntarily made. In order for me to make this determination, I'm going to ask you a series of questions. And you can refuse to answer any of these questions if you want to. But if you do answer these questions, you're under oath, and any answer that you give can be used against you. Do you understand that?
DEFENDANT: Yes, sir.
....
THE COURT: Okay. Do you understand each and every element contained in the crime of which you were charged?
DEFENDANT: Yes, sir.
....
THE COURT: Do you fully understand what you're doing here today?
DEFENDANT: Yes, sir.
....
THE COURT: All right. Do you understand that the sentence that could be imposed upon you for the commission of this crime ranged from a minimum sentence of eight years confinement in the state penitentiary and or a zero dollar fine up to a $50,000 fine. Do you understand that?
DEFENDANT: Yes, sir.
....
THE COURT: Are you entering this guilty plea freely and voluntarily and after talking it over with your lawyer?
DEFENDANT: Yes, sir.
¶ 11. Brown represented to the court that he understood the nature of the charges against him and the consequences of his plea. Therefore, we find that this issue is without merit.
¶ 12. Additionally, Brown argues that his lawyer's failure to challenge the search warrant in his case constituted ineffective assistance of counsel. Brown asserts that this failure also supports his claim that his plea was involuntary. To prove an ineffective-assistance-of-counsel claim, Brown must "show by a preponderance of the evidence (1) that [his] counsel's performance was deficient, and (2) that but for the deficiencies, the trial court outcome would have been different." Funchess v. State , 202 So.3d 1286, 1290 (¶ 9) (Miss. Ct. App. 2016). "Additionally, under Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), [the] defendant must show that counsel's errors *481 were so serious as to deprive the defendant of a fair trial." Id. (internal quotation mark omitted). Further, "[i]f the defendant has pled guilty, he must show unprofessional errors of substantial gravity." Cole v. State , 918 So.2d 890, 894 (¶ 10) (Miss. Ct. App. 2006). "He must also show that the deficient conduct proximately resulted in his guilty plea, and but for counsel's errors, he would not have entered the plea." Id.
¶ 13. The following is an excerpt from Brown's guilty-plea hearing:
THE COURT: Do you know of any reason [t]he [c]ourt should not accept [t]his guilty plea?
DEFENDANT: No, Your Honor.
THE COURT: Mr. Brown, are you satisfied with the services of your lawyer?
DEFENDANT: Yes, sir.
THE COURT: Has he threatened you in any manner, or has he promised you anything in order to get you to plead guilty?
DEFENDANT: No, sir.
THE COURT: Do you believe that your lawyer has properly advised you in this plea?
DEFENDANT: Yes, sir.
THE COURT: Do you believe that your lawyer has properly represented you in this case?
DEFENDANT: Yes, sir.
THE COURT: Do you have any complaints whatsoever about your lawyer?
DEFENDANT: No, sir.
¶ 14. Brown's statements on appeal contradict the statements he made before the circuit court. However, "a trial court is entitled to place great weight upon a defendant's initial plea under oath." Williams v. State , 107 So.3d 1016, 1021 (¶ 15) (Miss. Ct. App. 2012). Moreover, Brown failed to submit any evidence to the trial court to suggest that his lawyer's representation was deficient. Brown also failed to attach any affidavits, other than his own, to substantiate his claim for ineffectiveness of counsel. The Mississippi Supreme Court has held that "[it] has implicitly recognized in the post[ ]conviction[-]relief context that where a party offers only his affidavit, then his ineffective[-]assistance[-]of[-]counsel claim is without merit." Walden v. State , 201 So.3d 1042, 1045 (¶ 14) (Miss. 2016) (quoting Vielee v. State , 653 So.2d 920, 922 (Miss. 1995) ). Brown has not shown good cause why he has not provided affidavits other than his own. See id.
¶ 15. We find that Brown has failed to show that his counsel's performance was deficient, as required under Strickland . Furthermore, Brown failed to show that "but for his counselor's errors, he would not have pleaded guilty." Cole , 918 So.2d at 894 (¶ 10). Accordingly, this issue is meritless.
II. Validity of the Search Warrant
¶ 16. Brown asserts that the circuit court erred in accepting his guilty plea, because a search warrant was illegally obtained. However, Brown pleaded guilty, and "a valid guilty plea waives the right to challenge the sufficiency of the State's evidence." Bradley v. State , 224 So.3d 1267, 1270 (¶ 9) (Miss. Ct. App. 2017). Therefore, Brown is procedurally barred from challenging the sufficiency of the search warrant, and this issue is without merit.
¶ 17. Nevertheless, we will briefly address this issue. Brown contends that the police served a search warrant to a home that was not his, and that he was not present during the search. To support his assertion, Brown submitted the affidavit of *482 Donna Brown, which alleged that his purported permanent address and the address that the police searched were two different addresses. However, at Brown's plea hearing, the State informed Brown that they had obtained Brown's address at that time from witness testimony and the Magee Police Department. Brown informed the court that he had heard all of the State's evidence, that he did not have anything to add, and that what the State presented was true. Moreover, as previously stated, a result of Brown's guilty plea was a waiver of his right to challenge the State's evidence. See Bradley , 224 So.3d at 1270 (¶ 9). Accordingly, we find this issue without merit.
III. Sufficiency of Brown's Guilty-Plea Hearing
¶ 18. It appears, although somewhat unclearly, that Brown asserts that some aspect of his plea hearing was inadequate. We disagree.
¶ 19. Brown was informed of his constitutional rights before and during his guilty plea. Moreover, Brown informed the circuit court that he was satisfied with his attorney, and that he was not under the influence of alcohol or drugs during the plea. In turn, the circuit court withheld acceptance of Brown's guilty plea and placed Brown on nonadjudicated probation with the stipulation that Brown successfully complete the drug-court program. Therefore, this issue lacks merit, and we find no error with the circuit court's denial of Brown's PCR motions as they relate to Brown's guilty plea to Count II, possession of cocaine.[5]
¶ 20. AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.

Brown tested positive for methamphetamine on three separate occasions, provided an altered urine specimen, and failed to report for drug testing on a separate occasion.

The inadvertence of sentencing on Count I is addressed later in this opinion.

Brown also submitted another brief to the Mississippi Supreme Court, alleging that his guilty plea was involuntary because of ineffective assistance of counsel, his attorney did not properly assist in his defense, a search warrant issued in his case was illegal, and he was coerced into pleading guilty.

Mississippi Rule of Criminal Procedure 25.4 states that "[a]fter giving notice to the State and the defendant, the court may correct a clerical error in a judgment or order, correct an error in the record arising from oversight or omission, or correct a sentence that resulted from arithmetical, technical, or other clear error." The circuit court is authorized to correct a "scrivener's or clerical error at any time." M.R.Cr.P. 25.4 cmt. (citing Shinn v. State , 74 So.3d 901, 907 (¶ 18) (Miss. Ct. App. 2011) ). It is unclear whether the circuit court gave notice to the State and Brown before issuing the order correcting the clerical errors. Nonetheless, there has been no objection to the issuance of the corrections.

On May 19, 2017, Brown filed a pro se "motion to dismiss charges." He filed another identically titled motion nine days later. On June 28, 2017, both motions were passed for consideration with the merits of Brown's appeal. Within those motions, Brown raised claims that the Court has now addressed through this opinion-i.e., that his guilty pleas were involuntary, and he received ineffective assistance of counsel. For the reasons discussed above, Brown's motions "to dismiss charges" are denied.