# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01423-COA

CHOICE EVANS A/K/A CHOICE DEBRECK EVANS

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/02/2021 |
| TRIAL JUDGE: | HON. CHARLES W. WRIGHT JR. |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHOICE EVANS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA LEBRON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/20/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     In 2012, a Clarke County grand jury indicted Choice Evans as a violent habitual offender for burglary of a dwelling, possession of burglar's tools, and attempted escape. Evans's trial date was reset several times due to plea negotiations. In 2014, Evans failed to appear for trial, and the court issued a bench warrant for his arrest. The court reset the trial date several more times due to Evans's failure to appear, plea negotiations, and new charges against Evans (another burglary of a dwelling). Finally, in March 2016, Evans filed a petition to plead guilty to burglary of a dwelling as a nonviolent habitual offender. In exchange, the State nolle prosequied the remaining counts of the indictment and did not

pursue sentencing Evans as a violent habitual offender. Following a thorough plea colloquy, the circuit court found that Evans had knowingly, intelligently, and voluntarily pled guilty. The court then accepted Evans's guilty plea and sentenced him to serve nine years in the custody of the Department of Corrections as a nonviolent habitual offender—the sentence that the State had recommended as part of Evans's plea agreement.[1]

¶2.    In 2017, Evans filed a motion for post-conviction relief (PCR), alleging that his attorney provided ineffective assistance of counsel and that the house he had burglarized was not a "dwelling" under the statute. The circuit court denied Evans's motion, and Evans filed a notice of appeal, but the Mississippi Supreme Court dismissed the appeal as untimely. *Evans v. State*, No. 2018-TS-00399 (Miss. May 17, 2018) (panel order). In October 2021, Evans filed his present PCR motion, alleging that his plea was involuntary, that his indictment was defective, and that his attorney provided ineffective assistance. All of Evans's claims derive from his allegation that the house he burglarized was not a "dwelling." The circuit court dismissed Evans's motion, holding that it was barred by both the three-year statute of limitations and the successive-motions bar of the Uniform Post-Conviction Collateral Relief Act. Evans appealed.

¶3.    We affirm. A PCR motion must be filed within three years of the entry of a judgment

---

[1] We note that as a nonviolent habitual offender, Evans should have been "sentenced to the maximum term of imprisonment prescribed for" burglary of a dwelling, Miss. Code Ann. § 99-19-81 (Rev. 2007), which was then and still is twenty-five years in the custody of the Department of Corrections, Miss. Code Ann. § 97-17-23 (Rev. 2020). Thus, Evans actually benefitted from an "illegally lenient sentence." *Bradley v. State*, 224 So. 3d 1267, 1269 n.1 (Miss. Ct. App. 2016). A defendant "cannot[] complain that he received an illegally lenient sentence." *Id.*

of conviction on a guilty plea. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Therefore, Evans's present PCR motion was filed more than two years too late. In addition, an order denying a PCR motion "shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6) (Rev. 2020). Therefore, Evans's present PCR motion is also barred as an impermissible successive motion. There are certain statutory exceptions to the statute of limitations and successive-motions bar. *Id.* §§ 99-39-5(2)(a)-(b) & 99-39-23(6). But Evans's claims do not implicate any of the statutory exceptions. Therefore, the circuit court properly dismissed Evans's PCR motion.

¶4.     **AFFIRMED.**

  **BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, McCARTY AND EMFINGER, JJ., CONCUR. LAWRENCE, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**